■ WESTBURY PROPERTY INVESTMENT COMPANY, Plaintiff, v ESTATE OF MURRAY PERGAMENT, Deceased, Respondent, et al., Defendants, and SYMS CORP., Appellant. [808 NYS2d 97]—

In an action to recover damages for breach of contract, the counterclaim defendant Syms Corp. appeals from an order of the Supreme Court, Nassau County (Peck, J.), dated August 26, 2003, which granted the motion of the defendant estate of Murray Pergament for partial summary judgment to enforce an agreement dated August 15, 1988, directing it to execute all necessary documents concerning dedication of a certain roadway to the Town of Hempstead.

Ordered that on the Court's own motion, the estate of Murray Pergament, deceased, by its executor, Bruce Pergament, is substituted as a party for the estate of Murray Pergament, deceased, by its executrix, Irene Pergament; and it is further,

Ordered that the order is affirmed, with costs.

Murray Pergament and the counterclaim defendants, Syms Corp., Breslin Realty Associates, 737 Merrick Ave., Ltd., and the Town of Hempstead, entered into an Interconnecting Roadway Agreement (hereinafter the agreement) dated August 15, 1988, to construct and maintain a roadway to provide ingress to and egress from four commercial properties located off of Merrick Avenue in Westbury in the Town of Hempstead (hereinafter Loop Roadway). The properties were separately owned by Pergament, Syms (hereinafter Syms), Breslin, and 737, respectively. Clause 11 of the Agreement provided that: "upon completion of construction of [Loop] Roadway, the parties agree to execute any and all instruments which may be required by the Town of Hempstead, at such time as the Town may request, for the dedication of [Loop] Roadway to the Town of Hempstead and the Town of Hempstead shall promptly accept same into its highway system."

The plaintiff, Westbury Property Investment Company (hereinafter WPI) commenced this action against Pergament to recover damages for breach of contract based upon Pergament's failure to pay real estate taxes levied against its property which Pergament, among others, was obligated to pay pursuant to an easement agreement regarding Loop Roadway. Pergament counterclaimed pursuant to CPLR 3019 against WPI and the Town of Hempstead, joining Syms, Breslin Realty, and 737 Merrick Ave. in the counterclaims as necessary parties to bind them to any determination rendered.

The estate of Murray Pergament (hereinafter Pergament)

moved for partial summary judgment against Syms to direct and compel it to execute any and all documents required to effect the dedication to the Town of Loop Roadway pursuant to clause 11 of the agreement. The Supreme Court granted the motion, finding that Pergament met its burden of establishing that the agreement was clear and unambiguous, and Syms failed to meet its burden of establishing an issue of fact. The Supreme Court directed Syms to execute all necessary documents concerning dedication of Loop Roadway to the Town.

We agree with the Supreme Court that Pergament met its prima facie burden because the Agreement is clear and unambiguous on its face (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157 [1990]). A plain reading of the agreement requires the parties, including Syms, to execute the documents necessary to dedicate Loop Roadway to the Town if the Town requests the same. In opposition, Syms failed to raise a triable issue of fact as to an ambiguity in or breach of the agreement. Therefore, partial summary judgment was properly granted to Pergament. Florio, J.P., H. Miller, Ritter and Rivera, JJ., concur.